IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AMBER COBB,                          )
                                     )
                    Appellant,       )
                                     )
        v.                           )          C.A. No. N21A-07-005 CEB
                                     )
DELAWARE THOROUGHBRED                 )
RACING COMMISSION,                    )
                                     )
                    Appellee.         )

Submitted:  August 12, 2021
Decided:  August 17, 2021

*Appellant's Motion for Stay and for Emergency Hearing*.
**DENIED.**

Andrew G. Ahern, III, Esquire, JOSEPH W. BENSON, P.A., Wilmington, Delaware.  Attorney for Appellant.

Andrew Kerber, Deputy Attorney General, DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for Appellee.

**BUTLER, R.J.**

The Court has received a "Motion for Stay and Emergency Hearing" from counsel for Amber Cobb ("Appellant"). The Appellee Delaware Thoroughbred Racing Commission is represented by the Dept. of Justice and it has responded by conference call.

The allegation by the Appellant is that she is a horse trainer and is licensed in Delaware to do so. According to the Appellant, in January of 2021, while training a horse in New Jersey, an employee filmed her, unbeknownst to the Appellant. Her motion states: "Cobb was teaching an unraced horse that was extremely unruly. The horse flipped over after Cobb prodded it with a rake. The horse was not injured." [1] Since the record has not yet been transmitted to the Court, we know little more about the incident.

Months later, the employee and Appellant had a falling out and by then, Appellant was working in Delaware. The employee brought the filmed event to the attention of the Stewards at Delaware Park, who obviously took a much dimmer view of what happened. The Stewards imposed a substantial suspension of her license to train in Delaware. After an appeal to the Racing Commission, those sanctions were reduced to a two-month suspension of her license in Delaware. Appellant claims that due to various reciprocal agreements among state racing

---

[1] Appellant's Mot. to Stay ¶ 4.

commissions, Ms. Cobb is effectively suspended everywhere from practicing her trade.

Ms. Cobb is currently suspended until September 20, 2021. She asks the Court to issue a stay pending review in this Court.

A stay of an agency sanction is controlled by 29 *Del. C.* § 10144, which provides that the decision may be stayed by the Court "only if it finds, upon a preliminary hearing, that the issues and facts presented for review are substantial and the stay is required to prevent irreparable harm."

Appellant claims that the Commission lacks jurisdiction to impose a sanction against Ms. Cobb for behavior occurring in New Jersey. The argument is that only the New Jersey Racing Commission had jurisdiction to sanction conduct in New Jersey and that any other construction of Commission jurisdiction encourages forum shopping and effectively nationalizes what has traditionally been a subject of state control. While no authority for this position is cited in her moving papers, there is at least a superficial appeal to an argument about federalism, state's rights and the like.

But it was her Delaware license that was directly affected by the Delaware Racing Commission. Whether other states choose to recognize the sanction and give it collateral effect is a decision of the other states. Certainly, a licensed Delaware attorney cannot expect to cross the State's border, engage in unprofessional conduct

2

there, and not suffer a Delaware consequence with his Delaware license. Appellant's construction of the administrative agency's authority would unnecessarily limit its ability to police the behavior of licensees.

Appellant bears the burden of showing that her arguments are "substantial" within the meaning of the statute. While Appellant has made an argument, the argument lacks the muscle required to be considered substantial. Appellant may ultimately prevail on the jurisdictional issue, but the Court is not prepared to conclude that the issue is substantial in the absence of further development of the argument in her pleading.

Understanding that the "substantiality" of the question raised may have more weight than presented in her pleadings, the Court also considers the question of preventing irreparable harm.

The problem here is identifying what harm is sought to be prevented. Counsel for Ms. Cobb tells us that the video has now been widely disseminated and is available on Facebook. Assuming the depiction is quite unflattering to Ms. Cobb, the Court cannot prohibit its dissemination or alleviate the harm to Ms. Cobb's reputational interests that may be attendant to its publication. That harm may well be irreparable, but it cannot be prevented through a simple stay of the suspension by the Court.

The Court has held that suspension or loss of licensure is not, standing alone, an irreparable harm.[2] This conclusion aligns with common sense: if all license suspensions were considered irreparable harm, then every licensing action taken by administrative agencies regulating those licenses would be subject to stay for that reason alone. Administrative agencies' ability to act quickly to impose consequences for inappropriate behavior would be undermined.

And in this case, Appellant's interests are far more likely harmed by widespread dissemination of the video than they are by the Commission's relatively short suspension. She is already 30 days into a 60-day suspension. It is difficult to perceive what more harm will be visited upon Appellant by an additional 30 days' suspension.

Appellant has failed to convince the Court that she has a substantial issue for review or that a stay will avoid causing irreparable harm. The Motion for Stay and Emergency Hearing is therefore **DENIED.**

    **IT IS SO ORDERED.**

Resident Judge Charles E. Butler

---

[2] *See, e.g., Denham v. Delaware Bd. of Mental Health & Chem. Dependency Pros.*, 2017 WL 1505225 (Del. Super. Ct. Apr. 20, 2017); *Munir v. Delaware Examining Bd. of Physical Therapy*, 1999 WL 458800 (Del. Super. Ct. May 25, 1999).